UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damon Howard, #235442, | ) | C/A No. 4:14-1783-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden Joseph McFadden; Sgt. Turbide; Sgt. Lungren; | ) | |
| Capt. Brightharp; Sgt. Jeferson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*] *See* 28 U.S.C. § 1914. This debt is not dischargable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). Because the court hereafter grants Plaintiff permission to proceed in forma pauperis, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff

---

[*] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is not applicable to in forma pauperis cases.

1

does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed in forma pauperis is **granted**.

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO PLAINTIFF**:

Plaintiff must place the civil action number listed above on any document provided to the court pursuant to this Order. **Any future filings in this case must be sent to ((Post Office Box 2317, Florence, South Carolina 29503) the address below.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a pro se litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/ Thomas E. Rogers, III |
| May 30, 2014 | Thomas E. Rogers, III |
| Florence, SC | United States Magistrate Judge |

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH The court WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND The court'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO The court FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).