UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Damon Howard, #235442, | ) C/A No. 4:14-1783-DCN-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden Joseph McFadden; Sgt. Turbide; Sgt. Lungren; Capt. Brightharp; Sgt. Jeferson, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Damon Howard ("Plaintiff") is an inmate at Lieber Correctional Institution ("Lieber") in Ridgeville, South Carolina. In the complaint now under review, he alleges that in January of 2012 he was transported from Lieber to Gilliam Psychiatric Hospital for an evaluation. ECF No. 1. He indicates that he was told that upon his departure the property inside his cell would be inventoried and stored. *Id*. Plaintiff asserts that when he returned to Lieber in March of 2012, his property had been lost. *Id*. He alleges that his Eight and Fourteenth Amendment rights have been violated by this incident. Plaintiff names as defendants a number of individual employees of the detention center

1

with whom he has had contact with regard to the alleged lost property. *Id.*

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327,

328–36 & n. 3 (1986). In *Daniels v. Williams*, the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that negligent deprivations of property implicate due process interests. Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

    The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir.1986). Although *Yates v. Jamison* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty," *see Plumer v. Maryland*, 915 F.2d 927, 929–32 & nn. 2–5 (4th Cir.1990), the holding in *Yates v. Jamison* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. Hence, the alleged loss of Plaintiff's property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

    Under South Carolina law, Plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–10, et seq. (Westlaw 2013). Section 15–78–30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Plaintiff's claims relating to the

lost property are cognizable under the South Carolina Tort Claims Act because Lieber Correctional Institution is operated by a department of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. See S.C.Code Ann. § 15–78–20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.). Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C.Code § 15–78–80. *Joubert v. South Carolina Dep't of Soc. Servs.*, 341 S.C. 176, 534 S.E.2d 1, 8 (S.C.Ct.App.2000) (outlining differences between "verified" claims filed in accordance with S.C.Code § 15–78–80 as subject to three-year limitations period and all other claims being subject to two-year limitations period).

Cases from inside and outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See Treece v. Winston–Wood*, Civil Action No. 3:10–2354–DCN–JRM, 2012 WL 887476, at *6 (D.S.C. Feb. 23, 2012) (*citing King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986), and *Slaughter v. Anderson*, 673 F.Supp. 929, 930 (N.D.Ill.1987)), adopted by 2012 WL 896360 (D.S.C. Mar.15, 2012).

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the complaint in this action be dismissed without prejudice and without service of process. See *Denton v. Hernandez*; *Neitzke v. Williams*;

*Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202–04 (4th Cir.1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 30, 2014  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).